# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| OMAR LOPEZ-CASTILLO,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>PAT GLEBE,<br><br>　　　　　　Respondent. | NO. C08-1598-JLR-JPD<br><br>ORDER DENYING PETITIONER'S MOTION TO COMPEL AN ANSWER |

Respondent filed a motion to dismiss the amended 28 U.S.C. § 2254 habeas petition (Dkt. 23) at the same time as a statement of cause for filing a dispositive motion in lieu of an answer (Dkt. 24). Petitioner Omar Lopez-Castillo, through counsel, moves for an order compelling respondent to file an answer. (Dkt. 25.) Having reviewed the parties' motions as well as the balance of the record, the Court DENIES petitioner's motion to compel an answer (Dkt. 25).

Respondent argues that Mr. Lopez-Castillo's amended habeas petition is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d), and that he is not entitled to the application of equitable tolling. (Dkt. 23, 8–21; Dkt. 24, at 1.) Mr. Lopez-Castillo concedes that his habeas petition appears to be time-barred but argues that he is entitled to equitable tolling due to external circumstances beyond his control, which include illiteracy, an inability to speak a language that anyone in the prison understands, and perhaps other mental

competency issues. (Dkt. 16, at 26, 28; Dkt. 25, at 3–4; Dkt. 28, at 7.) The parties agree that whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. (Dkt. 23, at 12; Dkt. 28, at 7); *see Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam).

The Court finds that respondent has adequately justified filing a motion to dismiss in lieu of an answer. The Court recognizes that resolving respondent's motion to dismiss may require further discovery, expansion of the record, or an evidentiary hearing to determine how much, if any, of the period relevant to Mr. Lopez-Castillo's petition should be equitably tolled. *See, e.g.*, *Laws v. Lamarque*, 351 F.3d 919, 924–25 (9th Cir. 2003) (holding that the district court should have allowed discovery or ordered expansion of the factual record based upon the unrebutted allegation that he was not legally competent during the period of time relevant to equitable estoppel). Regardless, whether the amended petition is time-barred is a threshold question that may preclude the Court from proceeding to consider the merits of the amended petition. *See* 28 U.S.C. § 2244(d)(1)(A). Until that determination is made, additional expenditures of the parties' time on briefing the merits is unnecessary.

The Court DENIES petitioner's motion to compel an answer (Dkt. 25). Should the Court determine that an evidentiary hearing is warranted, it shall direct the parties to confer regarding logistics[1] and to contact the Court regarding scheduling.

DATED this 28th day of October, 2009.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] Counsel for petitioner states that he has found only one interpreter, who lives in Fresno, California, who can effectively communicate with Mr. Lopez-Castillo in his native language of Mixteco. (Dkt. 27, at 3; *see* Dkt. 28-2, at 1 (Petitioner's Decl. ¶ 2).)

ORDER DENYING PETITIONER'S MOTION
TO COMPEL AN ANSWER - 2